# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES ROBERTS,** | : | |
| Plaintiff, | : | Case No. 3:19-cv-00048 |
| v. | : | Judge Thomas M. Rose |
| **CRANE PUMPS & SYSTEMS, INC.,** | : | Magistrate Judge Michael J. Newman |
| Defendant. | : | |

## STIPULATED PROTECTIVE ORDER

The parties to this action, Plaintiff James Roberts and Defendant Crane Pumps & Systems, Inc., subject to the approval of the Court, agree to the following Order relating to all discovery that one or more parties claim to be or to reveal trade secrets, proprietary information, and/or confidential information, including, but not limited to, confidential personnel information, and business and financial information.

The parties agree that this Order will expedite and facilitate discovery, and provides reasonable and appropriate protection for confidential information and materials without impeding the parties' discovery and litigation involved in this action.

**IT IS HEREBY ORDERED:**

1. <u>Confidential Information—Defined</u>: Any information produced by the parties during the course of discovery that is not generally known by or disclosed to the public, and all copies, excerpts, or summaries of the documents produced, including without limitation, documents produced by a party pursuant to the Federal Rules of Civil Procedure, answers to requests for admission, answers to interrogatories, documents subpoenaed from a third party in connection with deposition testimony or otherwise, and deposition transcripts, may be designated

as "Confidential" by any party. Any matter designated by a party as "Confidential" may only be disclosed to the following persons:

    (a)    The parties and attorneys of record for the parties in this action, the staff of their respective law firms, and, in the case of the corporate parties, their in-house counsel and in-house counsel's administrative and paralegal assistants;

    (b)    Experts or consultants hired by or consulted by such attorneys in connection with this case but only on the condition that the expert or potential expert agrees to the restrictions set forth in this Order;

    (c)    Persons noticed for deposition or witnesses, to the extent necessary for the preparation of the person's testimony in this case, provided that documents will not be shown to witnesses who are or were not employees of the producing party (or otherwise within the categories of persons to whom disclosure may be made) except during depositions or solicitation of testimony;

    (d)    The Court and Court personnel; and

    (e)    Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

2. Any party from time to time may designate as "Confidential" any discovery materials they produce which contain confidential information (hereinafter "Confidential Discovery Materials"), the disclosure of which by the receiving party would, in good faith judgment of the party producing such material, result in disclosure of confidential commercial information or undue invasion of privacy and is necessary to protect the party's operational practices, trade secrets, proprietary interest or non-public information.

3. To the extent feasible, all confidential information shall be marked "CONFIDENTIAL" prior to its production. Each party shall designate material it deems to be "CONFIDENTIAL" in the following manner:

    (a)    By marking all documents with the designation "CONFIDENTIAL."

    (b)    By imprinting the designation "CONFIDENTIAL" next to each answer to an Interrogatory.

(c) By describing in writing and in sufficient detail any non-written materials and by providing written notice to all other parties that such non-written material shall be kept "CONFIDENTIAL."

(d) By affixing to the canister or cassette of all DVDs, CDs, or other electronic storage devices the designation "CONFIDENTIAL."

4. In the event that a party inadvertently fails to designate any confidential information, the party producing that information may subsequently make such a designation by notifying the receiving person in writing. Each side shall treat information designated information as confidential until further order of the court.

5. In the case of deposition testimony, counsel for the person being deposed shall, within 14 days after the transcript has been received by such counsel, designate those portions of the transcript which contain testimony concerning Confidential Discovery Materials (hereinafter "Confidential Deposition Testimony"). During this 14 day period, the entire transcript shall be treated as though it was designated "CONFIDENTIAL" and shall be disclosed only to those persons listed above.

6. Confidential Discovery Materials or Confidential Deposition Testimony shall not be used by or communicated to any person or entity for business or competitive purposes or for any other purpose whatsoever except the prosecution or defense of this action.

7. If any party objects to the designation of any information as CONFIDENTIAL, it may notify the designating party. The parties first will meet and confer in good faith in an attempt to resolve the issue. If the parties cannot resolve the issue informally, either party may seek Court intervention for resolution of the matter. The information shall remain designated as CONFIDENTIAL pending any such resolution.

8. Before disclosing Confidential Discovery Materials or Confidential Deposition Testimony to experts or other non-parties, the attorney or party disclosing the materials shall advise

such persons of the restrictions of this Protective Order and provide such person with a copy of this Protective Order.

9. If the non-designating party anticipates disclosing Confidential Discovery Materials or Confidential Deposition Testimony in any pleading, motion, or other paper filed with the Court, such party must move for leave from the Court to file such information under seal before disclosing it. The Court will authorize the filing of materials under seal only upon express leave of Court and only to the extent necessary to preserve legitimate confidentiality concerns. This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the Civil and Local Rules or Court order.

Counsel and the parties shall note that, per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), no document may be filed with the Court under seal without prior permission from the Court as to each document, upon motion and upon demonstrating "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal [requested] is no broader than necessary[.]" *Shane Group*, 825 F.3d at 306. Parties granted leave to file material under seal, or parties seeking an in-camera inspection of materials by the Court, shall comply with all applicable provisions of the Southern District of Ohio Local Rules. This Stipulated Protective Order does not, in and of itself, authorize filing any materials under seal and any provisions in this Stipulated Protective Order to the contrary are hereby stricken. Parties intending to file any information designated as Confidential under this Order shall confer with all counsel sufficiently in advance of filing so as not to delay any deadlines set by the Court. Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Local Civil Rule 5.2.1.

10. This Protective Order shall not prevent any Confidential Discovery Materials or Confidential Deposition Testimony from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Court may then prescribe.

11. No person who obtains access to Confidential Discovery Materials or Confidential Deposition Testimony pursuant to this Protective Order may disclose that information to any persons other than those permitted access under this Protective Order, unless he or she first secures the written consent of the producing party, or obtains permission from the Court, upon motion and with notice to all parties.

12. Within thirty (30) days after the conclusion of trial and all appeals or any other termination of this action, all Confidential Discovery Materials or Confidential Deposition Transcripts shall be returned to the producing party at its request, or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed. The prohibitions of this Protective Order which restrict the disclosure and use of Confidential Discovery Materials or Confidential Deposition Testimony shall continue to be binding after the conclusion of this action.

13. Any party may apply to the Court for an order modifying this Protective Order, removing the confidential designation from any discovery materials, or extracts or portions thereof, reclassifying Confidential Discovery Materials or further protecting Confidential Discovery Materials. The burden of persuasion regarding any party's confidentiality designation shall be governed by the Federal Rules of Civil Procedure and the applicable case law. This Protective Order is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged, beyond the scope of the Federal Rules of Civil Procedure, or otherwise objectionable.

**STIPULATED TO THIS 12th DAY OF June, 2019.**

| | |
|---|---|
| */s/ James J. Hux* | */s/ Chad J. Kaldor* |
| James J. Hux | Chad J. Kaldor (#0079957) |
| HUX LAW FIRM, LLC | Sarah K. Squillante (#0096705) |
| 3 Severance Circle #18147 | LITTLER MENDELSON, P.C. |
| Cleveland Heights, OH 44118 | 21 East State Street, 16th Floor |
| jhux@huxlawfirm.com | Columbus, OH 43215 |
| *Attorney for Plaintiff* | ckaldor@littler.com |
| | ssquillante@littler.com |
| | *Attorneys for Defendant* |

**IT IS SO ORDERED.**

Date: June 20, 2019

s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge